FILED
04 JUN 28 PM 1:15
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

2:04-CV-351-FTM-29DNF

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA    CIVIL DIVISION

NORISBEL ALMEIDA, individually,
and on behalf of GIOVANI TORRES,
a minor,

    Plaintiffs,

v.

ALPHONSO MASON, individually,
and the SCHOOL BOARD OF LEE
COUNTY, FLORIDA,

    Defendants.
_____/

04-CA-002080
Judge: Div H: Seals, James H

## PARTIES

1. The plaintiff, NORISBEL ALMEIDA ("ALMEIDA"), is an individual, sui juris, residing in Lee County, Florida.

2. The plaintiff, GIOVANI TORRES ("TORRES"), is the minor child of ALMEIDA and resides in Lee County, Florida.

3. The defendant, ALPHONSO MASON ("MASON"), is an individual, sui juris, residing in Lee County, Florida.

4. The defendant, SCHOOL BOARD OF LEE COUNTY, FLORIDA ("BOARD") is a body corporate and governmental agency duly empowered by the Constitution and Statutes of the State of Florida to administer, manage, and operate the Lee County Public Schools ("LCPS") within the Lee County School District ("LCSD"), Lee County, Florida.

EXHIBIT "A"

## JURISDICTION AND VENUE

5. Jurisdiction for this action lies pursuant to Sections 26.012(2)(a) and 48.193(1)(a) & (b) of the Florida Statutes (2003) in that the defendants reside in the state and carry on business within the state.

6. Venue for this action lies pursuant to Section 47.011 of the Florida Statutes (2003).

## GENERAL ALLEGATIONS

7. Royal Palm Exceptional School ("RPES") is one of the public schools that the BOARD operates and maintains, which has been designated to handle children with disabilities.

8. At all times relevant, the BOARD employed MASON as an aide at RPES.

9. At all times relevant, the BOARD employed Dan Perry ("Perry") as an administrator at RPES.

10. At all times relevant, TORRES was a student at RPES and was determined eligible for special education services as a student who was severely emotionally disturbed.

11. TORRES has a documented history of being excessively hyperactive/overactive.

12. In 1997, a permanent injunction was entered against MASON for domestic violence and MASON enrolled in a domestic violence program.

13. Between November 2000 and December 2002, MASON was assigned to discipline students, including TORRES.

14. Between November 2000 and December 2002, TORRES complained to ALMEIDA that MASON was hitting and abusing TORRES.

15. Between November 2000 and December 2002, ALMEIDA observed bruises on TORRES.

16. Between November 2000 and December 2002, ALMEIDA advised Perry that TORRES was coming home with bruises and had stated that MASON was hitting and abusing TORRES.

17. On April 27, 2001, TORRES was riding Bus 670 to RPES and the bus attendant placed duct tape over TORRES' mouth.

18. On April 27, 2001, TORRES filed a complaint against the bus attendant with the BOARD.

19. On May 15, 2002, TORRES was sent to the "timeout room," which was under video surveillance.

20. On May 15, 2002, MASON verbally assaulted and physically battered TORRES while he was in the "timeout room."

21. ALMEIDA spoke with Perry about MASON's conduct and requested a meeting.

22. ALMEIDA, TORRES, Perry and other school personnel met and viewed the videotape of the events on May 15, 2002.

23. Perry asserted that MASON's actions were acceptable and took no action against MASON.

24. ALMEIDA demanded copies of the videotape.

25. The BOARD produced a different videotape, other than for the event on May 15, 2002, which shows that MASON verbally abused TORRES.

26. ALMEIDA attempted to file a criminal complaint against MASON, but no law enforcement agency would accept her complaint.

27. On June 5, 2003, the BOARD conducted a predetermination conference for MASON and found that he had used excessive force on TORRES.

28. On May 13, 2003, MASON was suspended with pay and benefits.

29. On May 20, 2003, ALMEIDA retained the law firm of Hussey & Liles, P.A. and is obligated to pay a reasonable fee for their services.

30. On May 21, 2003, ALMEIDA gave written notice of her complaint pursuant to Section 768.28 of the Florida Statutes to the BOARD by certified mail, which was received on May 23, 2004.

31. The 4th Amendment of the United States Constitution prohibits unreasonable seizures of persons.

32. The 14th Amendment of the United States Constitution applies the Bill of Rights to states.

33. At all times relevant, MASON was acting within the course and scope of his employment as an aide.

34. At all times relevant, Perry was acting within the course and scope of his employment as a principal.

35. The BOARD's acts or omissions were done under color of law.

36. MASON's acts omissions were done under color law.

37. Perry's acts or omissions were done under color of law.

38. As a result of the BOARD's acts or omissions, TORRES suffered damages.

39. As a result of MASON's acts or omissions, TORRES suffered damages.

40. As a result of Perry's acts or omissions, TORRES suffered damages.

41. ALMEIDA has performed all conditions precedent prior to filing this action.

## COUNT 1
## BOARD – CIVIL RIGHTS - UNLAWFUL SEIZURES

42. This is an action for damages against the BOARD for violations of TORRES' civil rights resulting from the unlawful seizures of TORRES.

43. ALMEIDA repeat paragraphs 1 through 16, 19 through 27, and 29 through 41 of the Complaint and incorporates said allegations as if fully set forth herein.

44. On May 15, 2002, TORRES was unlawfully detained against his will.

45. The BOARD failed to adequately train its agents, servants, or employees as to the lawful seizure of persons.

46. The BOARD was deliberately indifferent to its agents', servants', or employees' unlawful seizure of persons.

47. The BOARD's failure to train its agents, servants, or employees on the lawful seizure of persons was the moving force behind the violation of TORRES' civil rights.

48. The BOARD promulgated an unconstitutional custom or policy of allowing, or being deliberately indifferent to its agents', servants', or employees' unlawful seizures persons.

49. The BOARD's custom or policy of allowing, or being deliberately indifferent to, its agents', servants', or employees' unlawful seizures persons was the moving force behind the violation of TORRES' civil rights.

WHEREFORE, ALMEIDA, individually and on behalf of TORRES, demands judgment against the BOARD for damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT 2
## MASON – CIVIL RIGHTS - UNLAWFUL SEIZURES

50. This is an action for damages against MASON for violations of TORRES' civil rights resulting from the unlawful searches and seizures of TORRES.

51. ALMEIDA repeats paragraphs 1 through 8, 10 through 15, 19, 20, 27, 29, 31 through 33, 36, 39, 41 and 44 of the Complaint and incorporates said allegations as if fully set forth herein.

52. MASON acted in bad faith, or with a malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights or safety.

WHEREFORE, ALMEIDA, individually and on behalf of TORRES, demand judgment against MASON for compensatory and punitive damages, together with costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as the court deems just and equitable.

## COUNT 3
## BOARD – FALSE ARRESTS/FALSE IMPRISONMENT

53. This is an action for damages against the BOARD for the false arrests and imprisonment of TORRES by MASON.

54. ALMEIDA repeats paragraphs 1 through 27, 30, 33, 34, 38 through 41, and 44 of the Complaint and incorporates said allegations as if fully set forth herein.

55. The detentions of TORRES were unreasonable and not warranted by the circumstances.

56. The detentions were intentional.

57. The detentions of TORRES were complete.

WHEREFORE, ALMEIDA, on behalf of TORRES, demands judgment for damages against BOARD, together with such further relief as the court deems just and equitable.

## COUNT 4
## MASON – FALSE ARRESTS/FALSE IMPRISONMENT

58. This is an action for damages against MASON for the false arrests and imprisonment of TORRES.

59. ALMEIDA repeats paragraphs 1 through 8, 10 through 15, 19, 20, 25, 27, 30, 39, 41, 44, 52, and 55 through 57 of the Complaint and incorporates said allegations as if fully set forth herein.

WHEREFORE, ALMEIDA, on behalf of TORRES, demands judgment against MASON for compensatory and punitive damages, together with such further relief as the court deems just and equitable.

## COUNT 5
## BOARD – ASSAULT

60. This is an action for damages against the BOARD for the assault of TORRES by MASON.

61. ALMEIDA repeats paragraphs 1 through 27, 30, 33, 34, 38 through 41, and 44 of the Complaint and incorporates said allegations as if fully set forth herein.

62. On April 27, 2001, TORRES was placed in imminent fear of a harmful or offensive touching by the bus attendant.

63. On May 15, 2002, TORRES was placed in imminent fear of a harmful or offensive touching by MASON.

64. The assault of TORRES was intentional.

WHEREFORE, ALMEIDA, on behalf of TORRES, demands judgment for damages against BOARD, together with such further relief as the court deems just and equitable.

## COUNT 6
## MASON – ASSAULT

65. This is an action for damages against MASON for assaulting TORRES.

66. ALMEIDA repeats paragraphs 1 through 8, 10 through 15, 19, 20, 25, 27, 30, 39, 41, and 52 of the Complaint and incorporates said allegations as if fully set forth herein.

WHEREFORE, ALMEIDA, on behalf of TORRES, demands judgment against MASON for compensatory and punitive damages, together with such further relief as the court deems just and equitable.

## COUNT 7
## BOARD – BATTERY

67. This is an action for damages against the BOARD for the battery of TORRES by BOARD's agents.

68. ALMEIDA repeats paragraphs 1 through 27, 30, 33, 34, 38 through 41, and 44 of the Complaint and incorporates said allegations as if fully set forth herein.

69. On April 21, 2001, TORRES suffered an offensive touching by the bus attendant.

70. On May 15, 2002, TORRES suffered an offensive touching by MASON.

71. The touching of TORRES was intentional.

WHEREFORE, ALMEIDA, on behalf of TORRES, demands judgment for damages against BOARD, together with such further relief as the court deems just and equitable.

## COUNT 8
## MASON – BATTERY

72. This is an action for damages against MASON for battery.

73. ALMEIDA repeats paragraphs 1 through 8, 10 through 15, 19, 20, 25, 27, 30, 39, 41, 44, 52, and 55 through 57 of the Complaint and incorporates said allegations as if fully set forth herein.

WHEREFORE, ALMEIDA, on behalf of TORRES, demands judgment against MASON for compensatory and punitive damages, together with such further relief as the court deems just and equitable.

## COUNT 9
### MASON – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

74. This is an action for damages against MASON for intentional infliction of emotional distress.

75. ALMEIDA repeats paragraphs ALMEIDA repeats paragraphs 1 through 8, 10 through 15, 19, 20, 25, 27, 30, 39, 41, 44, 52, and 55 through 57 of the Complaint and incorporates said allegations as if fully set forth herein.

76. MASON's conduct was extreme and outrageous.

77. MASON intended to cause TORRES distress or knew or should have known that distress would follow.

78. MASON's conduct caused emotional distress.

79. TORRES suffered emotional distress.

WHEREFORE, ALMEIDA, on behalf of TORRES, demands judgment against MASON for compensatory and punitive damages, together with such further relief as the court deems just and equitable.

## COUNT 10
## BOARD – NEGLIGENT RETENTION

80. This is an action for damages against the BOARD for negligent retention of MASON.

81. ALMEIDA repeats paragraphs 1 through 8, 10 through 16, 19 through 28, 30, 33, 34, 38 through 41, 44, 54 through 56, and incorporates said allegations as if fully set forth herein.

82. The BOARD was on notice of the potentially harmful propensities of MASON.

83. TORRES was within the zone of foreseeable risks created by MASON's employment as an aide.

84. The BOARD's breach of duty was the proximate cause of TORRES' injuries.

WHEREFORE, ALMEIDA, on behalf of TORRES, demands judgment against the BOARD for compensatory damages, together with such further relief as the court deems just and equitable.

## JURY DEMAND

TORRES demands trial by jury for all issues triable as of right by jury.

HUSSEY & LILES, P.A.
Attorneys for Plaintiff

By _____
J. Michael Hussey, Esquire
Florida Bar No. 305154
Paul E. Liles, Esquire
Florida Bar No. 0921270
P.O. Box 540
Ft. Myers, FL 33902-0540
(239) 997-2800
(239) 997-4053 (fax)

Form 151-12 2/90

Form 1.997

# Civil Cover Sheet

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instructions on the reverse side of this form.)

**I. CASE STYLE**

(Name of Court) __CIRCUIT__

Plaintiff __NORISBEL ALMEIDA, INDIVIDUALLY AND ON BEHALF OF GIOVANI TORRES, A MINOR__

Case #: __04-CA-002080__
Judge: __Judge: Div H: Sea's, James H__

vs

Defendant __ALPHONSO MASON, INDIVIDUALLY, AND THE SCHOOL BOARD OF LEE COUNTY, FLORIDA__

**II. TYPE OF CASE** (Place an X in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ☐ Simplified dissolution | ☐ Professional malpractice | ☐ Contracts |
| ☐ Dissolution | ☐ Products liability | ☐ Condominium |
| ☐ Support - IV-D | ☐ Auto negligence | ☐ Real property/Mortgage foreclosure |
| ☐ Support - Non IV-D | ☒ Other negligence | ☐ Eminent domain |
| ☐ URESA - IV-D |  | ☒ Other |
| ☐ URESA - Non IV-D |  |  |
| ☐ Domestic violence |  |  |
| ☐ Other domestic relations |  |  |

**III. Is Jury Trial Demanded in Complaint?**

☒ Yes
☐ No

DATE __5-26-04__   SIGNATURE OF ATTORNEY FOR PARTY INITIATING ACTION __PAUL E. LILES, ESQ.__
FBN: 0921270

Form 151-4 10/90
**SUMMONS**

# In Circuit Court

### Twentieth Judicial Circuit of Florida

### Lee County, Florida

NORISBEL ALMEIDA, individually, and on behalf of GIOVANI TORRES, a minor

Plaintiff

vs.

ALPHONSO MASON, individually, and the SCHOOL BOARD OF LEE COUNTY, FLORIDA

Defendant

CASE NO. 04-CA-002080
Judge: Div H: Seals, James H

MARK D. [illegible], INC.
PROCESS SERVING
P.O. Box [illegible], Ft. Myers, FL 33906
Date: 5/29/04  Time: 10:50 A

Mark D. B[illegible]

03-06

THE STATE OF FLORIDA, To Each Sheriff of the State.

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant

ALPHONSO MASON
C/O ROYAL PALM EXCEPTIONAL CENTER      481-B CAROLINA AVE
3050 INDIAN STREET                     FM, FL 33905
FORT MYERS, FL 33916

Each defendant is required to serve written defenses to the complaint or petition on

HUSSEY & LILES, P.A.

plaintiff's attorney, whose address is   P.O. BOX 540, FT. MYERS, FL 33902-0540

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON  May 26, 2004

CHARLIE GREEN
Clerk of the Court
By E. Coleman
Deputy Clerk

(SEAL)

FILED LEE CO. FLORIDA
CLERK OF COURTS
04 JUN -2 AM 11:00
D.C.

| | | |
|---|---|---|
| LEE COUNTY | APPOINTED SPECIAL PROCESS SERVER RETURN OF SERVICE / AFFIDAVIT | |
| ATTORNEY NAME AND ADDRESS | CASE STYLE Almeida/Giovani | CASE NO. 04-2080 CA COURT Circuit Civil WRIT TYPE Summons |
| Hussey & Liles, P.A. PO Box 540 Ft. Myers, FL 33902 | VS Mason/School Board of Lee County | |

SERVICE TO BE MADE UPON:
Alphonso Mason

ADDRESS:
3050 Indian St.
Ft. Myers, FL

RECEIVED THIS WRIT ON THIS DATE    27-May-04    3:00 PM
AND EXECUTED / NON EXECUTED THIS DATE    29-May-04    5/29/2004

BY DELIVERING A TRUE COPY OF THIS WRIT TO THE INDIVIDUAL IDENTIFIED BELOW:

SERVICE MADE UPON         TITLE
Alphonso Mason

LOCATION OF SERVICE:
481-B Carolina Ave.
Ft. Myers, FL

TYPE OF SERVICE

(INDIVIDUAL (PERSONAL))    SUBSTITUTE    CORPORATE    POSTED    GOV'T AGENT

PARTNERSHIP    SPOUSE    DBA    MINOR    INCOMPETENT

NON-SERVICE    DISSOLVED CORPORATION    (USUAL PLACE OF ABODE)    OTHER

COMMENTS AND REASONS FOR NON-SERVICE:

I CERTIFY THAT ON THE ABOVE PROCESS SERVED, THE FACE OF THE PROCESS HAS BEEN STAMPED WITH THE DATE AND TIME SERVED AS WELL AS MY IDENTIFICATION NO. AND SIGNATURE. ALSO THE FACT THAT I AM AN APPOINTED PROCESS SERVER AUTHORIZED TO SERVE THIS CIVIL PROCESS IN AND THROUGH LEE COUNTY.

NAME OF SERVER    Mark D. Beaumont    I.D. NO. 03-006

(SIGNATURE OF SERVER)    *Mark D. Beaumont* (signature)

MARK D. BEAUMONT, INC.
P.O. Box 60455, Ft.. Myers, FL 33906
239-489-8942

FEES FOR
SERVICE

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA CIVIL ACTION

NORISBEL ALMEIDA, individually,
and on behalf of GIOVANI TORRES,
a minor,
    Plaintiff,

vs.    CASE NO. 04-CA-002080

ALPHONSO MASON, individually,
and the SCHOOL BOARD OF LEE
COUNTY, FLORIDA,
    Defendants.
_____/

### DEFENDANT'S, SCHOOL BOARD OF LEE COUNTY, FLORIDA, ACCEPTANCE OF SERVICE

COMES NOW Keith Martin, Esquire, attorney for defendant, SCHOOL BOARD OF LEE COUNTY, FLORIDA, and accepts service of the Complaint in this cause as if said defendant was personally served in accordance with the law, and agrees that said service is complete over defendant, SCHOOL BOARD OF LEE COUNTY, FLORIDA as of the date hereof.

                                        Keith Martin, Esquire

STATE OF FLORIDA

COUNTY OF LEE

The foregoing instrument was acknowledged before me this 2nd day of June, 2004, by Keith Martin, Esquire, who is personally known to me or who has produced ___n/a___ as identification and who did take an oath.

My commission expires:

                                        Ruth H. Moon
                                        Notary Public, State of Florida



Ruth H. Moon
MY COMMISSION # CC962591 EXPIRES
October 8, 2004
BONDED THRU TROY FAIN INSURANCE, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. mail to Hussey & Liles, P.A., P.O. Box 540, Fort Myers, FL 33902-0540, this _3_ day of ___June___, 2004.

                                            Keith Martin, Esquire
                                            Florida Bar No. 063163
                                            Lee County School Board
                                            2055 Central Avenue
                                            Fort Myers, FL 33901



# THE SCHOOL DISTRICT OF LEE COUNTY

2055 CENTRAL AVENUE • FORT MYERS, FLORIDA 33901-3916 • (239) 334-1102 • TTD/TTY (239) 335-1512

JEANNE S. DOZIER
CHAIRMAN • DISTRICT 2

ELINOR C. SCRICCA, PH.D.
VICE CHAIRMAN • DISTRICT 5

Writer's Direct Dial 337-8511
Writer's Fax Number  337-8683

ROBERT D. CHILMONIK
DISTRICT 1

**COPY**

JANE E. KUCKEL, PH.D.
DISTRICT 3

STEVEN K. TEUBER
DISTRICT 4

JAMES W. BROWDER, ED.D.
SUPERINTENDENT

KEITH B. MARTIN
BOARD ATTORNEY

June 3, 2004

J. Michael Hussey, Esq.
Post Office Box 540
Fort Myers, FL 33902-0540

Dear Mike:

Attached is an Acceptance of Service in the Almeida case. As requested, I have signed the document accepting service on behalf of the School Board of Lee County, Florida. Please understand I am not able to accept service on behalf of Alphonso Mason. Per our conversation today, in consideration of waiving the requirement for personal service, you have agreed to allow 30 days for the initial responsive pleading to the complaint.

Sincerely,

Keith B. Martin
School Board Attorney

KBM:cm

Enclosure

cc: ✓ Edward Polk, Esq.
     Ms. Terry Andrews

EXHIBIT
"B"

**DISTRICT VISION**
TO PREPARE EVERY STUDENT FOR SUCCESS

**DISTRICT MISSION**
TO PROVIDE A QUALITY EDUCATION IN A SAFE AND WELL-MANAGED ENVIRONMENT